# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL BERTHER,**

        Plaintiff,

                          Case No. 06-CV-293

   v.

**TSYS TOTAL DEBT MANAGEMENT, INC.,**

        Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Michael Berther ("Berther") alleges that the defendant, TSYS Total Debt Management, Inc. ("TDM"), violated the Fair Debt Collection Practices Act ("FDCPA") by not stating the name of the creditor to whom a debt is owed, as is required by 15 U.S.C. § 1692g(a)(2). Specifically, TDM identified the creditor as "Capital One," but Berther alleges that there is no such creditor as "Capital One" but rather there are numerous companies that have similar names such as "Capital One Financial Corporation," "Capital One Bank," "Capital One F.S.B," "Capital One Services, Inc." and "Capital One Auto Finance, Inc."

Instead of filing an Answer, TDM filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim arguing that there is no requirement that the creditor must be identified by its full legal name.

**Motion to Dismiss Standard**

Dismissal pursuant to Rule 12(b)(6) is proper only when the plaintiff can prove no set of facts that would entitle him to relief. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also, Walker v. National Recovery, Inc., 200 F.3d 500, 503 (7th Cir. 1999) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The court must accept the allegations in the complaint as true and will draw all reasonable inferences in favor of the plaintiff. Fields v. Weber Law Firm, 383 F.3d 562, 564 (7th Cir. 2004).

**Analysis**

It is uniquely easy for a plaintiff to state a claim under the FDCPA and therefore survive a Rule 12(b)(6) challenge. A plaintiff alleging a violation under the FDCPA need only allege "this notice is confusing" in order to state a claim. Walker v. National Recovery, Inc., 200 F.3d 500, 501 (7th Cir. 1999). Even when a court regards the allegation as entirely without merit, dismissal pursuant to 12(b)(6) is generally inappropriate because what is plain and clear from a judge's perspective is not necessarily obvious to an unsophisticated consumer, whose interests the statute protects. Id.; Marshall-Mosby, Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 2000); Johnson v. Revenue Management Corp., 169 F.3d 1057, 1060 (7th Cir. 1997); Gammon v. GC Servs. Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). The unsophisticated debtor is described as "uninformed, naïve, or trusting," Gammon, 27 F.3d at 1257, but he is not completely ignorant, Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir. 2000). The unsophisticated debtor is assumed to possess some rudimentary knowledge of the world and is assumed to be able and willing to read collection

-2-

Case 2:06-cv-00293-AEG    Filed 07/06/06    Page 2 of 5    Document 17

notices with care. Gammon, 27 F.3d at 1257 (quoting Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). The unsophisticated debtor standard is not intended to be so low so as to subject debt collectors to liability for "bizarre or idiosyncratic interpretations of collection notices." Id. (quoting Clomon, 988 F.2d at 1320).

The FDCPA requires that debt collectors attempting to collect a debt must provide a debtor with a written notice that includes certain information including "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). This language is ambiguous in that it is unclear whether an entity's full legal name is required or if a more colloquial name will suffice.

In an attempt to resolve this ambiguity, the court turns first to the stated purpose of the FDCPA. Congress declared that the purpose of FDCPA was to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Additionally, "Congress designed the Federal Act to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988) (quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699).

All aspects of the FDCPA are consistent with this stated mission, and therefore, the court interprets Congress' intent in requiring that an initial attempt to collect a debt must include the name of the creditor as being intended to similarly prevent abusive debt collection practices. A requirement that an entity list its full legal name will not necessarily serve to best inform the unsophisticated debtor or to prevent abusive debt collection practices. Consumers frequently interact with entities that are formally and legally recognized under names entirely different than the names with which the consumer is familiar. Therefore, requiring entities to identify themselves

-3-

in debt collection letters using exclusively their formal legal names would likely compound the confusion that the FDCPA intended to prevent, and thus such a requirement was unlikely Congress' intent. Instead, most consistent with Congress' intent to avoid confusion is a requirement that debt collectors must identify creditors to debtors using the name that the creditor had consistently used in communicating with the debtor.

Applying this definition to the present case, it is clear that the court is unable to grant the defendant's motion to dismiss. Additional facts beyond the pleadings, specifically whether the creditor had consistently identified itself as merely "Capital One" to the debtor in earlier communications, are necessary to determine the viability of the plaintiff's claim.

This is not to say that a debt collector's failure to use precisely the same name that the creditor had used in communicating with the creditor will result in an automatic violation of the FDCPA. For example, when an entity has a sufficiently unique name to avoid confusion, a debt collector will not necessarily violate the FDCPA by omitting the entity's formal organizational abbreviation, or other similar information, even if the entity had consistently included such information when communicating with the debtor. Similarly, the inverse is true. The inclusion of additional identifying information in a debt collection letter will not automatically constitute a violation of FDCPA. When a creditor is identified using a name that is not identical to the name the creditor had consistently used in communicating with debtor, the court must evaluate the totality of circumstances and determine whether the variation creates the possibility that the unsophisticated debtor would be confused. If there is such a possibility, the matter must be resolved by a jury. However, this assessment would again require the court to consider facts beyond the pleadings and thus the TDM's motion to dismiss cannot be granted on this basis.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss is **DENIED**. The defendant shall now file an answer to the plaintiff's Complaint within the time provided in the Federal Rules of Civil Procedure. The parties shall submit their Rule 26(f) report by **August 9, 2006**. A telephone Rule 16 conference is scheduled for **August 21, 2006** at **8:30 A.M.** The court will initiate the call but the parties should advise the court in their Rule 26(f) report as to the names and **direct** telephone number of the attorneys who will participate in the conference.

To assist the court in conducting the Rule 16 conference the parties' Rule 26(f) report should also include the following additional information:

(1) Whether the parties contemplate amending the pleadings, by joining parties or for other reasons.

(2) Any motions which are contemplated at this time.

(3) Such other matters as may affect the scheduling of this case for final disposition.

SO ORDERED.

Dated at Milwaukee, Wisconsin this 6th day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge